UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| LEONARDO LARA, | * | Criminal Action No. 23-cr-10207-ADB |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant Leonardo Lara's motion for issuance of a post-trial subpoena duces tecum, [ECF No. 320 ("Mot.")], in which he seeks an order allowing him to serve third-party discovery requests to obtain impeachment evidence against a cooperating witness called by the government at Lara's trial. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On October 20, 2025, following a five-day trial, a jury found Lara guilty of conspiring to distribute cocaine and possessing cocaine with the intent to distribute. [ECF Nos. 257–261, 263]. The Court has already recounted the factual background of this case and a summary of the evidence presented at trial in its memorandum and order denying Lara's renewed motion for acquittal and for a new trial, see United States v. Lara (Lara I), No. 23-cr-10207, 2026 WL 1785172, at *1–3 (D. Mass. June 22, 2026), and will generally assume familiarity with the same.

As relevant to the present motion, the government relied at trial on the testimony of Merced Navarro-Morfin, a cooperating witness who testified that he and Lara were "'partners' in the 'cocaine business.'" Lara I, 2026 WL 1785172, at *1. The government also presented the

jury with other evidence of Lara's involvement in a cocaine conspiracy, including that "eight kilograms of cocaine [were] seized from his house." Id. at *5.

In his motion, Lara asserts that Navarro-Morfin testified falsely to certain facts, including (1) the extent of the involvement of a third individual, Leandro Martinez, in the conspiracy, and (2) whether Lara spoke with Navarro-Morfin on the phone on April 20, 2022, the day law enforcement performed a traffic stop of Lara and later seized cocaine, money, and drug paraphernalia from his house. [Mot. at 3–4]. Lara contends that these falsehoods were material and strongly diminish Navarro-Morfin's credibility. [Id.].

In order to demonstrate the purported falsity of Navarro-Morfin's statements in a post-trial motion, Lara seeks the issuance of a subpoena duces tecum to pursue two categories of evidence.[1] [Mot. at 2]. First, he wants to obtain recordings of approximately two months of Navarro-Morfin's jail calls from Wyatt Detention Facility, which he claims will reveal evidence that Navarro-Morfin told Martinez's wife that Navarro-Morfin planned to minimize Martinez's role in the conspiracy during his testimony. [Id. at 2–3]. Second, Lara seeks cell phone location records from T-Mobile, which he claims will demonstrate that the cell phone Lara called on April 20, 2022, was not at the house where Navarro-Morfin testified he was located at the time of the call. [Id. at 3–4]. The government opposes Lara's motion. [ECF No. 338 ("Resp.")].

---

[1] Lara already filed a motion for a new trial prior to the present motion, [ECF No. 290], which the Court denied, see Lara I, 2026 WL 1785172, at *4–6. The Court therefore understands that Lara is seeking the evidence at issue to prepare for a successive motion for a new trial.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) allows the Court to issue a subpoena to "direct [a] witness to produce the designated items in court before trial or before they are to be offered in evidence." In order to obtain such a subpoena, the moving party must show:

> (1) that the documents [sought] are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699 (1974).

Because the rule itself speaks only of issuing subpoenas for pre-trial purposes, "there is conflicting authority as to their availability with respect to post-trial motions and sentencing." United States v. Bendy, No. 24-cr-00109, 2026 WL 1217369, at *2 (E.D. Tex. May 1, 2026) (first citing United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981) (finding that Rule 17(c) does not preclude the issuance of a subpoena for post-trial motions and sentencing); and then citing United States v. Martin, 141 F.3d 1152 (2d Cir. 1998) (holding that Rule 17(c) only applies to pretrial matters)). Where courts find that the rule allows post-trial subpoenas, they apply the same Nixon factors but consider the relevance, necessity, and good faith of the subpoena with respect to the anticipated post-trial motion or sentencing, rather than to trial. See Winner, 641 F.2d at 833; United States v. Krane, 625 F.3d 568, 574 (9th Cir. 2010) ("[I]f a pre-sentencing subpoena is sought, the trial court must apply the Nixon factors in the specific context of sentencing.").[2]

---

[2] In his motion, Lara also makes reference to "the Due Process Clause of the Fifth Amendment, the [C]ompulsory Process Clause of the Sixth Amendment, and 28 U.S.C. § 1825," a statute

## III. DISCUSSION

Lara argues that the evidence he intends to pursue through his requested subpoenas is relevant to a potential motion for a new trial because it will demonstrate that Navarro-Morfin "perpetrated a fraud on the Court by perjuring himself regarding roles in the conspiracy." [Mot. at 3]. The government responds that impeachment evidence is not a proper target of a post-trial subpoena and that, in any event, the evidence Lara seeks is irrelevant, and some of it no longer exists. [Resp. at 3–6].

The government is largely correct. Even assuming that Rule 17 allows for the issuance of subpoenas for post-trial purposes, and that the evidence will show what Lara claims it will show, such evidence would have little to no bearing on the soundness of Lara's conviction and would not entitle him to a new trial. As the Court has already observed, "there was ample evidence against Lara—including the eight kilograms of cocaine seized from his house—that was entirely independent of Navarro-Morfin's testimony at trial," Lara I, 2026 WL 1785172, at *5, and the sought-after evidence is therefore of little relevance to any successive motion for a new trial.

Moreover, like the text message evidence Lara already presented in his previous motion for a new trial, the areas of Navarro-Morfin's testimony implicated by this impeachment evidence do not meaningfully call into question the jury's verdict. Martinez's role in the conspiracy, and the occurrence of a specific telephone conversation between Lara and Navarro-

---

governing the payment of witness fees. [Mot. at 1]. Lara does not, however, explain their relevance to his request for a subpoena or cite any cases discussing them. To the extent Lara intended to raise these other sources of law as distinct bases for granting his requested subpoenas, he has waived any such argument by failing to adequately develop or explain it. See LaVallee v. Town of Dedham, 736 F. Supp. 3d 26, 53 (D. Mass. 2024) ("When an issue is merely mentioned in an undeveloped fashion and in a perfunctory manner, the court may deem the issue waived." (quoting Malave-Torres v. Cusido, 919 F. Supp. 2d 198, 213 (D.P.R. 2013))), *appeal dismissed*, No. 24-cv-01644, 2024 WL 5347171 (1st Cir. Nov. 26, 2024).

Morfin, are tangential to the fundamental facts underlying Lara's guilt, particularly in light of the strength of other evidence presented at trial. Accordingly, because the Court finds it unlikely that the potential impeachment evidence at issue "could in any reasonable likelihood have affected the judgment of the jury," Lara I, 2026 WL 1785172, at *5 (quoting United States v. Vavic, 139 F.4th 1, 28 (1st Cir. 2025)), it cannot conclude that the evidence Lara seeks is "evidentiary and relevant" under Nixon, 418 U.S. at 699.

## IV. CONCLUSION

For the foregoing reasons, Lara's motion for issuance of a post-trial subpoena duces tecum, [ECF No. 320], is **DENIED**.

**SO ORDERED.**

October 13, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE